IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TONYA E. TRZEBNY,

                Plaintiff,

v.                                              OPINION AND ORDER

KILOLO KIJAKAZI,                          21-cv-570-wmc
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Tonya E. Trzebny, who is proceeding without counsel, seeks judicial review of a final decision of defendant denying her claim for disability benefits under the Social Security Act. 41 U.S.C. § 405(g). Trzebny contends that she has been disabled since at least 2006 because of mental impairments, including anxiety, depression and bipolar disorder. She further contends that the administrative law judge (ALJ) who decided her case erred by failing to consider adequately the severity of her mental impairments, finding that she had substance abuse problems, and disregarding other evidence from outside the relevant claims period, as well as adopting the opinion of a vocational expert regarding jobs available in the national economy. Because the ALJ's opinion was well-explained and supported by the record, the court will affirm the commissioner's decision.

BACKGROUND

      Tonya Trzebny applied for disability benefits in October 2019, when she was 45 years old, claiming to have been disabled since December 2006, due to depression, anxiety and bipolar disorder. After the local disability agency denied her claim initially and on

reconsideration, Trzebny requested an administrative hearing, which was held telephonically on February 10, 2021, before ALJ Bill Laskaris.

At that hearing, Trzebny was represented by counsel, who acknowledged that the relevant time period for Trzebny's disability benefits application was December 29, 2006, the alleged onset date of her disability, to March 31, 2010, the date that Trzebny's disability insurance benefits expired. (AR 23.)[1] Thus, the ALJ's questions focused on that period, when Trzebny was between 33 and 36 years old. Trzebny testified that she lived with her husband during that time, although conceding she was having difficulty remembering details about her daily functioning. (*Id.*) Trzebny testified that: she had panic attacks, sometimes daily; she took medication for anxiety; and sometimes, she could not leave the apartment for days at a time. (AR 27–28.) Still, she admitted being able to cook and clean by herself, go shopping, and take care of her cats during that period. (AR 24, 29.)

In a March 2021 decision, the ALJ found that Trzebny was not disabled between December 29, 2006, and March 31, 2010. (AR 62–72.) Specifically, he found that Trzebny had the following severe impairments during that time: panic/generalized anxiety disorder; mood disorder, diagnosed as major depressive disorder and bipolar disorder; *and* substance abuse disorder (benzodiazepine and opioids). (AR 65.) Despite these impairments, however, the ALJ found that Trzebny retained the residual functional capacity ("RFC") to perform work at all exertional levels, with the following nonexertional limitations to account for her mental health impairments: simple, routine, repetitive tasks; low stress jobs, defined as only requiring occasional decision making and having only occasional changes in the work setting; and only

---

[1] Record cites are to the administrative record ("AR") located at Dkt. 13.

brief and superficial interaction with the public, coworkers and supervisors. (AR 66.) Relying on the opinion testimony of a vocational expert, the ALJ finally concluded that jobs existed in significant numbers in the national economy that Trzebny could perform with that RFC, including laboratory equipment cleaner, laundry worker and router. (AR 71–72.)

OPINION

As alluded to already, plaintiff contends on appeal that the ALJ erred by: (1) failing to recognize the severity of her mental health diagnoses; (2) disregarding recent evidence of her mental impairments; (3) stating that she had a history of substance abuse; and (4) adopting the opinion of a vocational expert regarding jobs available in the national economy. In considering plaintiff's arguments, the question before this court is whether the ALJ's decision is supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ meets that standard by identifying the relevant evidence and building a "logical bridge" between that evidence and his ultimate determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

Unfortunately, plaintiff's four principal contentions are based on her misunderstanding of the relevant legal standards for evaluating her disability application. *First*, she argues that her diagnoses of severe anxiety disorder and bipolar disorder prove that she is disabled. However, diagnoses of serious mental health conditions are not sufficient, at least by themselves, to establish that she is "disabled" for purposes of disability insurance benefits, meaning that she cannot sustain *any* full-time work because of her physical or mental

3

impairments. 42 U.S.C. § 423(d)(1)(A). Thus, it is not her medical or psychological conditions that ultimately determine disability; rather, it is the *limitations* caused by those conditions that are crucial to the disability analysis. *See McGillem v. Kijakazi*, No. 20-2912, 2022 WL 385175, at *4 (7th Cir. Feb. 8, 2022) ("[T]he need for restrictions cannot be inferred from the diagnosis alone."); *Fair v. Saul*, 853 F. App'x 17, 21 (7th Cir. 2021) (physical injury alone "does not prove disability").

Thus, while the ALJ found that plaintiff's severe mental health impairments limited her ability to work, relying substantially on the opinions of two reviewing agency psychologists, (AR 70), those same psychologists assessed plaintiff with almost identical, moderate ratings in mental functioning. (AR 42–43, 54–56.) One of the psychologists, Dr. Coyle, translated those moderate ratings into a functional assessment. (AR 55–56.) In incorporating these psychologists' assessments into his residual functional capacity assessment, the ALJ further explained why the opinions were persuasive.

The ALJ also discussed plaintiff's medical records and daily activities, both of which were appropriate factors for the ALJ to consider under 20 C.F.R. § 404.1529. In particular, the ALJ noted that despite plaintiff's allegations that she stayed in her apartment and had difficulty getting out of bed, there was evidence: (1) plaintiff had worked and traveled during the relevant period (AR 71, 348, 350, 715, 720); and (2) she was able to prepare meals, wash dishes, do laundry and care for her cats as well. (AR 28-29, 66.) Although not conclusive by any means, all of this evidence supports the ALJ's credibility findings and residual functional capacity assessment. Plus, plaintiff develops no arguments challenging the specific restrictions incorporated into the ALJ's assessment.

*Second*, plaintiff argues that the ALJ erred by disregarding evidence of her disability from outside the period of December 2006 to March 2010, including that: she has evidence that her anxiety and depression symptoms arose as early as 2000; and her mental health problems continue to the present day. For example, plaintiff points to a letter written in April 2021 by a mental health counselor and her 2019 hospitalizations, both of which she faults the ALJ for failing to acknowledge or discuss in his decision. However, neither of these arguments is persuasive. As the ALJ explained at the hearing and in his decision, plaintiff's application for disability insurance benefits was limited to the time frame of December 29, 2006 to March 31, 2010. (AR 65.) Moreover, the alleged onset date of December 29, 2006 was chosen *by plaintiff* in her disability application (AR 171), not by the ALJ. Finally, plaintiff never amended her disability onset date, and her attorney confirmed the onset date during the administrative hearing. (AR 17.)

Similarly, the ALJ did not decide that the relevant period ended on March 31, 2010; instead, that date was determined by statute. To be entitled to disability insurance benefits, an individual must have sufficient quarters of coverage insuring her benefits. 42 U.S.C. § 423(a)(1)(A), (c)(1); *see also* 20 C.F.R. § 404.101(a).[2] An individual is only entitled to disability insurance benefits if she was "under a disability" within the meaning of the Social Security Act by the date her insured status expired. 20 C.F.R. §§ 404.131(a), 404.320(b)(2); *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009) ("[A] claimant must show that the

---

[2] Plaintiff only applied for disability benefits, not supplemental security income. Supplemental security income is determined based on age, disability and income, 20 C.F.R. § 416.202, while disability benefits are based on disability and work credits. 20 C.F.R. § 404.315.

5

disability arose while he or she was insured for benefits."). Because plaintiff's insured status expired on March 31, 2010, that day marked the end of the relevant period. (AR 62, 206.)

Thus, the question for the ALJ as framed by plaintiff and statute was: whether plaintiff was disabled between December 29, 2006, and March 31, 2010, not before or after that period. Even if evidence from the period shortly before or after may have *some* relevance, the court finds *no* reversible error because the ALJ chose not to discuss evidence of plaintiff's impairments that dated six years before and nearly 10 years after the directly relevant time period. *See Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017) (evidence that claimant was currently disabled was irrelevant where he was no longer eligible for disability benefits); *Thompson v. Colvin*, 575 F. App'x 668, 675 (7th Cir. 2014) (ALJ did not err by rejecting doctor's opinion written one year before onset date).

*Third*, plaintiff contends that the ALJ erred by stating she had a history of substance abuse, and suggesting that she had focused on obtaining prescription medication, rather than treatment. However, the ALJ's discussion of substance abuse was provided in the context of his summary of plaintiff's treatment history (AR 67–69), and in his discussion of plaintiff's subjective symptoms, both of which were entirely appropriate. In particular, the ALJ found that plaintiff had substance abuse problems during the relevant period based on objective medical records, as well as observations by plaintiff's medication providers, who noted that: plaintiff admitted to buying Vicodin illegally (AR 716); she had abused medications; she was reliant on a variety of medications that were contributing to her mental health problems (AR 722); and at least one doctor had refused her request for medical refills during the relevant period (AR 353). Certainly, the ALJ could at least consider these medical records as part of the available, relevant evidence.

*Fourth*, and finally, plaintiff criticizes the vocational expert's testimony that a person with her residual functional capacity could perform the jobs of laboratory equipment cleaner, laundry worker and router, even stating that those jobs are "menial," "offensive" and that she "would not accept any of the jobs." (Plt.'s Reply Br. (dkt. #23) 3.) For purposes of determining disability, however, the relevant question is whether the individual can perform a significant number of jobs in the national economy, 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), *not* whether plaintiff would *want* to perform the jobs identified by the vocational expert. Accordingly, this is not a valid objection to the ALJ's decision.

In sum, plaintiff has failed to present any persuasive arguments showing that the ALJ's decision was unsupported by substantial evidence and has failed to identify any reversible error in the ALJ's decision. Therefore, the court will affirm the agency's decision denying her benefits and dismiss this appeal.

## ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, is AFFIRMED, and plaintiff Tonya Trzebny's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case. The remaining pending motions (dkts. #26, 27, 29, 31) are DENIED AS MOOT.

Entered September 29, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge